Gary A. FRAUST and Judith L. Fraust and Judith L. Fraust, guardian of the Estate of Isaac J. Fraust, a minor, Plaintiffs,

v.

SWIFT AND COMPANY, Defendant.

Civ. A. No. 84–1344.

United States District Court, W.D. Pennsylvania.

May 23, 1985.

---

712

William S. Schweers, Jr., Harrington & Schweers, Pittsburgh, Pa., John C. Dennison, Dennison & Dennison, Brookville, Pa., for plaintiffs.

Carl E. Harvison, Grigsby, Gaca & Davies, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

TEITELBAUM, Chief Judge.

In this products liability action the defendant asks the Court to rule, as a matter of law, that its product is not unreasonably dangerous. The action arises from an incident in which Isaac J. Fraust, then 16 months old, choked while eating Peter Pan Creamy Peanut Butter spread on bread. As a result, Isaac suffered severe brain damage.

It is plaintiffs' theory that the peanut butter supplied by the defendant was unsafe for its intended use because it lacked a warning that it should not be fed to children under four years of age. Plaintiffs contend peanut butter presents a particular danger to children under four years of age because of the texture and consistency of peanut butter and the immature eating and swallowing abilities of children that age. Plaintiffs contend defendant targets young children in its advertising and marketing.

[redacted] The failure to warn of a dangerous condition is an independent basis of liability.

> A "defective condition" is not limited to defects in design or manufacture. The seller must provide with the product every element necessary to make it safe for use. One such element may be warnings and/or instructions concerning use of the product. A seller must give such warning and instructions as are required to inform the user or consumer of the possible risks and inherent limitations of his product. Restatement (Second) of Torts § 402A, comment h. If the product is defective absent such warnings, and the defect is a proximate cause of the plaintiff's injury, the seller is strictly liable without proof of negligence.

*Berkebile v. Brantly Helicopter Corp.*, 462 Pa. 83, 100, 337 A.2d 893, 902 (1975).

[redacted] In a products liability case the plaintiff must prove the product was defective and the defect was a proximate cause of the plaintiff's injuries. *Berkebile v. Brantly Helicopter Corp.*, 462 Pa. at 93–94, 337 A.2d at 898. The concept of "unreasonably dangerous" is not presented to the jury because it injects negligence concepts into their deliberations. *Id.* at 96–97, 337 A.2d at 900.

[redacted] It is for the court to determine as a matter of law if placing the risk of loss on the supplier furthers social policies. *Azzarello v. Black Brothers, Co., Inc.*, 480 Pa. 547, 391 A.2d 1020 (1978). "It is a judicial function to decide whether, under plaintiff's averment of the facts, recovery would be justified; ..." *Id.* at 558, 391 A.2d at 1026. The words "unreasonably dangerous" "merely represent a label to be used where it is determined that the risk of loss should be placed upon the supplier." *Id.* at 556, 391 A.2d at 1025.

> Courts and commentators have identified various factors that a court should consider when making the social policy decision required by *Azzarello*, ... Sometimes, no doubt, it will be difficult for a court to decide whether as a matter of social policy a jury should be permitted to impose strict liability. However, where inadequate warnings are alleged, the social policy decision is relatively simple. As has been said, "In the case of an inadequate warning, ... imposing the requirements of a proper warning will seldom detract from the utility of the product." At the same time, the cost of adding a warning, or of making an inadequate warning adequate, will at least in most cases be outweighed by the risk of harm if there is no adequate warning.

*Dambacher v. Mallis*, 336 Pa.Super. 50–51, 485 A.2d 408, 423 (1984) (footnote and citation omitted).

Defendant moves for summary judgment contending its product is not unreasonably dangerous as a matter of law. By this motion defendant asks this Court to make an explicit ruling on the threshold determination of social policy that *Azzarello* requires. *See Dambacher v. Mallis*, 336 Pa. Super. 51 n. 6, 485 A.2d at 423 n. 6.

Defendant first contends no warning was required because as a matter of law Isaac's mother knew or should have known of the potential danger associated with feeding a peanut butter sandwich to Isaac.

[redacted] Liability cannot be imposed on the seller for failure to warn of a danger associated with its product if the danger was or should have been known to the user. *Brown v. Caterpillar Tractor Co.*, 741 F.2d 656, 661 (3d Cir.1984). The issue of necessity of warnings must also be considered in light of any contradictory promotional activities on the part of the seller. *Berkebile v. Brantly Helicopter Corp.*, 462 Pa. at 103, 337 A.2d at 903.

Defendant cites *Sherk v. Daisey-Heddon*, 498 Pa. 594, 450 A.2d 615 (1982) and *Davis v. R.H. Dwyer Industries, Inc.*, 548 F.Supp. 667 (E.D.Pa.1982) as examples of known dangers.

In *Sherk* a fourteen year old boy killed a friend when he placed a B.B. gun five feet from his friend's head and fired. The boy firing the gun knew that B.B.s fired from the gun could kill animals and blind a person. The court found the evidence made it

clear the boy used the gun in a manner that he knew could cause serious bodily injury. Because the lethal propensity of the gun was or should have been known to the user, liability could not be imposed on the manufacturer because the manufacturer allegedly failed to warn of that propensity. *Sherk v. Daisey-Heddon,* 498 Pa. at 600, 450 A.2d at 618.

In *Davis* a car wash employee drove a car through a strip door hanging at the entrance to the wash bay and struck another employee working inside the car wash. The strip door had become opaque with age. The driver testified he was aware of his inability to see through the door before he drove through it. The court found a warning of the door's propensity to become opaque would have served no purpose. *Davis v. R.H. Dwyer Industries, Inc.,* 548 F.Supp. at 671.

■ Unlike *Sherk* and *Davis* in which the evidence was clear that the user appreciated the danger, here the Court cannot say as a matter of law that Isaac's mother knew or should have known of the danger associated with feeding a peanut butter sandwich to him.

■ As its second argument, defendant contends that because plaintiffs do not allege that the peanut butter was not in the condition expected by the ordinary consumer it was not unreasonably dangerous as a matter of law. Although at first this argument appears different from defendant's first argument, it is really a variant of the same argument.

Comment (i) to section 402A of the Restatement (2d) of Torts differentiates "those products which are by their very nature unsafe but not defective from those which can truly be called defective." *Berkebile v. Brantly Helicopter Corp.,* 462 Pa. at 95, 337 A.2d at 899. Comment (i) states:

> Good whiskey is not unreasonably dangerous merely because it will make some people drunk, and is especially dangerous to alcoholics; but bad whiskey, containing a dangerous amount of fusel oil, is

unreasonably dangerous. Good tobacco is not unreasonably dangerous merely because the effects of smoking may be harmful; but tobacco containing something like marijuana may be unreasonably dangerous. Good butter is not unreasonably dangerous merely because, if such be the case, it deposits cholesterol in the arteries and leads to heart attacks; but bad butter, contaminated with poisonous fish oil, is unreasonably dangerous.

Defendant argues that similarly good peanut butter is not unreasonably dangerous because a young child may choke on it. Defendant then prematurely ends its analysis. However, comment (j) goes on to explain why good whiskey and good butter; and by inference, good tobacco; although "unsafe" are not defective, even without a warning of their dangers.

> ... a seller is not required to warn with respect to products, or ingredients in them, which are only dangerous, or potentially so, when consumed in excessive quantity, or over a long period of time, when the danger, or potentiality of danger, is generally known and recognized. Again the dangers of alcoholic beverages are an example, as are also those of foods containing such substances as saturated fats, which may over a period of time have a deleterious effect upon the human heart.

That is, because these "unsafe" products present known dangers no warning is required. Therefore, although "unsafe", they are not defective.

Again the Court cannot say as a matter of law that the danger of a sixteen month old choking on a peanut butter sandwich is generally known and recognized so that admittedly good peanut butter, without warning of such a danger, is not unreasonably dangerous.

Defendant's final argument is that the testimony of plaintiffs' experts, as set forth in their reports, will be insufficient to raise a triable issue for the jury. The Court disagrees.

Accordingly defendant's motion for summary judgment will be denied. An appropriate order will be entered.